UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-61240-CIV-SINGHAL

PRESTIGE ONE INVESTMENTS, LLC,

    Plaintiff,

v.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

## OPINION AND ORDER

**THIS CAUSE** is before the Court upon Defendant's Motion for Summary Final Judgment, filed on June 17, 2022 (the "Motion") (DE [24]). Defendant filed an accompanying Statement of Undisputed Material Facts ("DSOF") (DE [25]). Plaintiff filed a Response (DE [27]) and Response Statement of Undisputed Material Facts ("PSOF") (DE [26]) on July 1, 2022. Defendant filed a Reply (DE [32]) and Reply Statement of Undisputed Material Facts ("RDSOF") (DE [33]) on July 22, 2022. The Motion is now ripe for this Court's consideration.

### I.   BACKGROUND

This is a breach of contract action on a homeowner's insurance policy, Policy Number CPS7229527 (the "Policy") that provided coverage for alleged losses and/or damages sustained by Plaintiff. *See* Compl. (De [1-1], at 10–11). Under the Policy, Defendant allegedly agreed to provide insurance coverage to Plaintiff's Property, located at 321 W State Rd 84, Ft Lauderdale, FL 33315 (the "Property"), against certain losses and/or damages. *Id.* The Complaint alleges that the Property sustained a covered loss as a result of Tropical Storm Eta on or about November 8, 2020, while the Policy was in effect. *Id.* Plaintiff alleges that after notifying Defendant of the loss, Defendant denied

coverage. Plaintiff brought the instant suit for breach of contract in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida (DE [1-1]), which Defendant subsequently removed to this Court pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332 (DE [1]).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if 'the movant shows that there is no genuine [dispute] as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a));[1] *see also Alabama v. North Carolina*, 560 U.S. 330, 344 (2010). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" if a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "[W]here the material facts are undisputed and do not support a reasonable inference in favor of the non-movant, summary judgment may properly be granted as a matter of law." *DA Realty Holdings, LLC v. Tenn. Land Consultants*, 631 Fed. Appx. 817, 820 (11th Cir. 2015).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756

---

[1] The 2010 Amendment to Rule 56(a) substituted the phrase "genuine dispute" for the former "'genuine issue' of any material fact."

F.3d 1326, 1333 (11th Cir. 2014).  However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).  "[T]his, however, does not mean that we are constrained to accept all the nonmovant's factual characterizations and legal arguments." *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459 (11th Cir. 1994).

### III. DISCUSSION

Defendant raises four arguments in its Motion. First, Defendant asserts Plaintiff cannot prove covered damage under the Policy. *See* Motion, at 3–6. Second, Defendant contends Plaintiff's late notice bars recovery. *Id.* at 6–7. Third, Defendant argues that Plaintiff has misrepresented the cost of repairs, which bars coverage. *Id.* at 7–8. Finally, Defendant states the Property's long term water damage bars coverage. *Id.* at 8–9.

Plaintiff responds with two principal arguments. First, Plaintiff contends Defendant failed to respond to Request[s] for Admission within the time permitted by the Rules and, as such, admitted by default those requests for admission under Rule 36(a)(3). *See* Response, at 4–6. Second, Plaintiff asserts that issues of disputed material fact remain with regard to causation and fraud/misrepresentation. *Id.* at 6–8.

Rule 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or

3

amendment [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." FED. R. CIV. P. 36(b) (emphasis added). The first prong of Rule 36(b) "emphasizes the importance of having the action resolved on the merits, and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez v. Miami-Date Cnty.*, 297 F.3d 1255, 1266 (11th Cir. 2002) (cleaned up). "Rule 36(b)'s second prong requires the court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions." *Id.* "The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Smith v. First Nat. Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (cleaned up).

Here, Defendant was served with Requests for Admission ("RFAs") on August 26, 2021. (DE [26-1]). Defendant did not respond within 30 days as required by Rule 36(a)(3). Thus, the RFAs are presumptively admitted. Rule 36(b) allows a party who fails to respond within 30 days to seek leave of court to withdraw or amend default admissions if that party can satisfy the Rule's two elements. Here, Defendant failed to even move for leave under the Rule. Defendant eventually filed responses on February 23, 2022 (DE [26-2]), almost six months later, but did not seek leave of court to do so. Under the plain meaning of Rule 36, Defendant has failed to abide by both Rule 36(a) by not responding within 30 days and Rule 36(b) by not seeking leave of court. The Court finds that the admissions thus remain "conclusively established." For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Summary Final Judgment (DE [24]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 21st day of September 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF